UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNY R. McINTYRE,

      Plaintiff,

v.            05-3237

ROGER WALKER, JR.,

      Defendants.

### Case Management Order #1

The plaintiff, currently incarcerated in Menard Correctional Center, filed this action pursuant to 42 U.S.C. Section 1983 alleging that the IDOC failed to release him on time, causing him to remain incarcerated for two months after his scheduled out-date.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to dismiss any legally insufficient claims, or the entire action if warranted.  A merit review hearing was held on October 21, 2005, to aid the court in this review.

The merit review standard is the same as a motion to dismiss standard.  Pro se complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972).  The allegations are taken as true, and a claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Haines*, 404 U.S. at 521.

The plaintiff clarified his allegations at the merit review.  He was arrested in March, 2005 on a parole violation, another conviction for driving under the influence.  According to the plaintiff, he had only 16 days left to serve on his original sentence.  The plaintiff therefore believes he should have been released at the end of March, 2005.  However, it became clear at the hearing that the plaintiff was kept in prison because of his sentence on the new DUI conviction, not the old one.  He may have served all his time on the old DUI conviction by the end of March, 2005, but he had to finish serving his sentence on the new DUI conviction after that, which is why he was released in May, 2005.  Accordingly, no reasonable inference arises that the plaintiff was kept imprisoned beyond his sentences, and his complaint will be dismissed.  However, the plaintiff will be given an opportunity to file an amended complaint if he believes the court has misunderstood his allegations.

IT IS THEREFORE ORDERED that the plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), without prejudice to the plaintiff filing an amended complaint within 21 days from the entry of this order.  If the plaintiff does not file an amended complaint within 21 days, this case will be closed.

Entered this 25th Day of October, 2005.

                                                  s\Harold A. Baker

                                                  **HAROLD A. BAKER**
                                          **UNITED STATES DISTRICT JUDGE**